UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEXTER D. BURKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00056-SRC |
| | ) | |
| HEATHER COFER, | ) | |
| | ) | |
| Respondent. | ) | |

### Memorandum and Order

After a state court convicted Dexter Burks of first-degree murder and armed criminal action, he appealed his conviction and moved for post-conviction relief.  The state courts denied him relief.  Now, he brings a petition for writ of habeas corpus, re-raising three claims that he presented to the state courts.  Because the Missouri courts' denials of these same claims were not contrary to, or an unreasonable interpretation of, clearly established federal law, the Court denies Burks's Petition.

## I.      Background

### A.      Factual Background

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," the Court presumes the correctness of "a determination of a factual issue made by a State court."  28 U.S.C. § 2254(e)(1).  A petitioner bears the "burden of rebutting the presumption of correctness by clear and convincing evidence."  *Id.*  The Missouri Court of Appeals summarizes the relevant facts as follows:

> Following a jury trial on July 18, 2019, [Burks] was convicted of one count of first-degree murder and one count of armed criminal action.  The trial court sentenced him to concurrent terms of life imprisonment without the possibility of parole on the first count, and thirty-years' imprisonment on the second count.

[Burks's] convictions were affirmed by this court on direct appeal. *State v. Burks*, 609 S.W.3d 106 (Mo. App. E.D. 2020). The evidence at trial was as follows.

On the night of October 2, 2017, [Burks] and Victim were socializing outside of [Burks's] home with a group of people. [Burks] and Victim were neighbors and friends. Victim, [Burks], and [Burks's] sister began arguing in front of [Burks's] home. [Burks] and Victim pushed one another as the encounter escalated. Victim turned away from [Burks] and [Burks's] sister and began walking towards [Victim's] home. [Burks] fired more than one shot at Victim; the first one missed, and the second one fatally struck Victim in the back of the head. No weapons were recovered from Victim. Police officers arrived at the scene within five or six minutes and took statements from several of the bystanders, including Victim's children and partner, who had seen the events unfold from their neighboring house. Police found three cartridge cases in the grass in front of [Burks's] home and later confirmed that they were all fired from the same gun.

At trial, after roughly 105 minutes of deliberation, Juror 93 expressed concern to the judicial assistant that Juror 416 had indicated that he wanted to leave and that "[h]e would go with the majority of whatever everyone wanted . . . ." Thereafter the court questioned Juror 416 on the record in the presence of counsel for [Burks] and for the State. Juror 416 confirmed that he was indifferent as to the verdict and that, despite hearing all the evidence and argument, that he intended to vote in accordance with the majority to "go with the party agreement." The court gave both parties an opportunity to ask questions, although they did not have any. The court then replaced Juror 416 with an alternate juror and instructed the jury to begin deliberations anew. [Burks's] counsel did not object, and the jury deliberated for another three hours before returning a verdict.

Doc. 11-12 at 3–4 (The Court cites to page numbers as assigned by CM/ECF.).

## B.     Procedural History

After his conviction in state court, doc. 11-2; *State v. Dexter Deshun Burks*, 1722-CR04669-01 (Mo. Cir. Ct. 2018), Burks appealed his conviction, doc. 11-4. On appeal, Burks argued that the trial court should have both granted his motion for acquittal based on the self-defense evidence he presented at trial and declared a mistrial because the court replaced a juror after jury deliberations began. *See id.* at 22–23.

After the Missouri Court of Appeals denied him relief on these grounds, *see State v. Burks*, 609 S.W.3d 106 (Mo. Ct. App. 2020), Burks filed a post-conviction motion under Missouri Rule of Criminal Procedure 29.15, *see* doc. 11-7; *Dexter Deshun Burks v. State of*

2

*Missouri*, 1922-CC12096 (Mo. Cir. Ct. 2019).  After the motion court denied his motion, *see* doc. 11-9, Burks appealed that denial, doc. 11-10.  After the Missouri Court of Appeals denied him relief on this motion as well, *see* doc. 11-12, Burks brought a petition for writ of habeas corpus under section 2254 in this Court, doc. 1.  After the Court noted that his Petition was unsigned and asked Burks to sign it, doc. 4, Burks did so, doc. 5.

## II.    Standard

A state prisoner who petitions for relief under section 2254 must prove that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Before seeking relief in federal court, the petitioner must "exhaust state court remedies"; in other words, he must "give the state courts 'one full opportunity to resolve any constitutional issue[s] by invoking one complete round of the state's established appellate review process.'"  *Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)); *see also* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State.").

But Missouri law does not require that a petitioner appeal to the Supreme Court of Missouri to exhaust his state remedies.  *See* Mo. Sup. Ct. R. 83.04 ("Transfer by this Court is an extraordinary remedy that is not part of the standard review process for purposes of federal habeas corpus review."); *see also Randolph*, 276 F.3d at 404 ("Rule 83.04 constitutes an unequivocal statement . . . that Missouri does not consider a petitioner who bypasses its supreme court in favor of federal habeas review to have denied the State its rightful 'opportunity to resolve federal constitutional claims.'" (quoting *O'Sullivan*, 526 U.S. at 845)).

3

The petitioner must also first bring his habeas claims in state court; under Missouri law, a petitioner "default[s] . . . his claims by failing to present them to the Missouri courts at any stage of his direct appeal or his post-conviction proceedings." *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997); *see also State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 516 (Mo. 2010) ("[I]f a petitioner fails to raise a claim for relief that could have been asserted in an appeal or in a post-conviction motion, the petitioner normally is barred from raising the claim in a subsequent petition for writ of habeas corpus."), *overruled on other grounds by Branson v. Shewmaker*, 710 S.W.3d 531 (Mo. 2025).

Additionally, in Missouri, "a claim must be presented at each step of the judicial process in order to avoid default." *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (citation modified).  Where a petitioner fails to appeal an ineffective-assistance-of-trial-counsel claim he raised in his post-conviction motion, that claim is deemed defaulted.  *See id.*  And "[a] state prisoner who defaults on his federal claims in state court because of a state procedural rule is barred from federal habeas unless the prisoner can show cause and prejudice."  *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

After all of this, to obtain relief under section 2254 in federal court, a petitioner must establish that the state-court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  To warrant relief, a state court's decision must be "more than incorrect or erroneous"; it "must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  A petitioner must also show that equitable considerations favor relief.  "[E]ven a petitioner who

4

prevails under [the Antiterrorism and Effective Death Penalty Act] must still today persuade a federal habeas court that 'law and justice require' relief." *Brown v. Davenport*, 596 U.S. 118, 134 (2022) (citations omitted); *see also* 28 U.S.C. § 2243 ("A court, justice, or judge entertaining an application for a writ of habeas corpus . . . shall summarily hear and determine the facts, and dispose of the matter as law and justice require."). Historically, "the States' 'powerful and legitimate interest in punishing the guilty'" stands as the most important of these equitable considerations. *Brown*, 596 U.S. at 132 (quoting *Calderon v. Thompson*, 523 U.S. 538, 556 (1998)).

### III.    Discussion

Burks raises three grounds for relief under section 2254. First, he argues that the "trial court erred in overruling [his] motion for judgment of acquittal," "because the state failed to disprove [Burks] acted in self defense [sic] and the force he used . . . was justified." Doc. 5 at 5. Second, Burks claims that the "trial court plainly erred in failing to [s]ua [s]ponte declare a mistrial after [the] jury retired to consider its verdict and the court learned that" one juror "could not perform his duties . . . in accordance with the court's instruction and his oath." *Id.* at 8. Finally, Burks claims that "he was denied effective assistance of counsel . . . when trial counsel failed to subpeona [sic] and call . . . known alibi witnesses." *Id.* at 10.

### A.    The trial court's ruling on Burks's motion for judgment of acquittal

Burks first argues that the trial court should have granted his judgment of acquittal at the close of evidence. *See* doc. 5 at 5. Burks claims that "there was sufficient evidence presented at trial that [he] reasonably believe[d] the force he used against [the victim] was necessary to defend himself from . . . imminent use of unlawful force." *Id.* Burks therefore argues that the

5

"trial court's ruling deprived [him] of his rights to due process of law and a fair and impartial trial as guaranteed by" both the United States and Missouri constitutions. *Id.*

"In federal habeas review, the factual findings of state courts . . . 'are presumed to be correct, and may be set aside . . . only if they are not fairly supported by the record.'" *Nicklasson v. Roper*, 491 F.3d 830, 841 (8th Cir. 2007) (quoting *Purkett v. Elem*, 514 U.S. 765, 769 (1995)). For insufficient-evidence claims, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Bookwalter v. Vandergriff*, 73 F.4th 622, 625 (8th Cir. 2023) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

Under this analysis, Burks must overcome "two layers of judicial deference." *Id.* First, the jury determines "what conclusions to draw from the evidence, and on direct appeal, a reviewing court will not set aside a jury's verdict unless no rational trier of fact could have agreed with the jury." *Id.* Second, on habeas review, this Court "will not overturn a state-court decision rejecting an evidence-sufficiency challenge unless that decision was objectively unreasonable." *Id.*

Burks first made this insufficient-evidence argument on his direct appeal of his conviction to the Missouri Court of Appeals. *See* doc. 11-4 at 22. The Missouri Court of Appeals rejected this argument and affirmed Burks's conviction. *See State v. Burks*, 609 S.W.3d 106, 107 (Mo. Ct. App. 2020); doc. 11-6 at 3–8. The court noted that "[i]t is a rare case where a defendant is entitled to an acquittal on self-defense as a matter of law." Doc. 11-6 at 4 (quoting *State v. Watson*, 839 S.W.2d 611, 615 (Mo. Ct. App. 1992)). The court then mentioned that when a criminal defendant tests the sufficiency of evidence, the appellate court's "review is

6

limited to determining whether the State introduced sufficient evidence from which a reasonable juror could have found each element of the offense to have been established beyond a reasonable doubt." Doc. 11-6 at 4 (first citing *State v. Naylor*, 510 S.W.3d 855, 859 (Mo. banc 2017); and then citing *State v. Demery*, 568 S.W.3d 552, 555 (Mo. Ct. App. 2019)). When examining the evidence, the appellate court must "accept as true all evidence favorable to the State" and "disregard all evidence and inferences contrary to the verdict." Doc. 11-6 at 4.

Here, the appellate court found that there was substantial evidence to prove that Burks was not acting in self-defense. Doc. 11-6 at 6. For example, Burks "shoved or pushed [the] victim in the chest, causing [the] victim to falter." *Id.* Additionally, multiple witnesses testified that the victim did not have a gun. *Id.* Evidence at trial also established that the victim was walking away from Burks when Burks shot him. *Id.* at 7. The jury could have also found that Burks had a "deliberation to kill, . . . disproving that he acted in lawful self-defense." *Id.* Burks "fled from the scene after the shooting, disassembled his gun, and threw the parts down different sewers." *Id.* He "did not call for help" and "lied to the police about not being at the scene." *Id.* at 8.

Because of this evidence and more, the Missouri Court of Appeals held that "the State presented sufficient evidence from which the jury could find [Burks] did not act in self-defense beyond a reasonable doubt." *Id.* As a result, "[t]he trial court . . . did not err in denying [Burks's] motion." *Id.* Here, based on the evidence in the record, the Court finds that the Missouri courts' findings were not "objectively unreasonable." *Lockyer*, 538 U.S. at 75. The trial court's decision to deny Burks's motion for acquittal, and the Missouri Court of Appeals' affirmation of that decision, were not premised on an "unreasonable determination of the facts." 28 U.S.C. § 2254(d). Accordingly, the Court denies Burks relief on his first ground.

7

**B.** **The trial court's failure to declare a mistrial sua sponte**

In his second ground, Burks claims that the "trial court plainly erred in failing to [s]ua [s]ponte declare a mistrial after [the] jury retired to consider its verdict and the court learned that" one juror "could not perform his duties . . . in accordance with the court's instruction and his oath." Doc. 5 at 8. The trial court replaced that juror with an alternate instead. *Id.* Burks argues that these actions violated his rights under the Missouri and United States constitutions. *Id.* However, the Court finds that Burks procedurally defaulted this claim under Missouri law.

Burks first raised this argument on direct appeal. *See* doc. 11-4 at 23. Burks admitted that his counsel did not object to the court's juror replacement at trial, which failed to preserve his objection for appeal. *Id.* at 34–35. As a result, Burks asked the Missouri Court of Appeals to conduct a plain-error review of the trial court's decision. *See id.*; *see also State v. Nickels*, 598 S.W.3d 626, 633 (Mo. Ct. App. 2020) (noting that, under Missouri law, to preserve a claim for appellate review, "an appellant must first object at the earliest opportunity").

The Missouri Court of Appeals affirmed Burks's conviction. *See State v. Burks*, 609 S.W.3d 106, 107 (Mo. Ct. App. 2020). The court declined to conduct a plain-error review "to impose a *sua sponte* duty on the trial court to correct a defendant's invited errors." Doc. 11-6 at 10 (citing *Nickels*, 598 S.W.3d at 634). The court concluded that Burks "affirmatively acquiesced in [the] trial court's actions, and thus waived plain-error review." *Id.* But even if the court did conduct plain-error review, Burks would have still failed, the court says, because "he does not facially establish substantial grounds for believing that he suffered a manifest injustice or miscarriage of justice from the juror replacement." *Id.* at 11.

"A state prisoner who defaults on his federal claims in state court because of a state procedural rule is barred from federal habeas unless the prisoner can show cause and prejudice."

8

*Arnold*, 675 F.3d at 1087 (citing *Coleman*, 501 U.S. at 750).  If state law requires a petitioner to state his objections during trial, his failure to do so constitutes an adequate and independent state ground for the state court's decision, precluding this Court's review of that decision.  *See Osborne v. Ohio*, 495 U.S. 103, 123 (1990).  Additionally, a state court's reviewing a defaulted claim for plain error does not excuse a petitioner's default; a federal court is still barred from examining that claim for habeas relief.  *See Clark v. Bertsch*, 780 F.3d 873, 876–77 (8th Cir. 2015).

Burks admits, doc. 11-4 at 34–35, and the Missouri Court of Appeals found, doc. 11-6 at 8–12, that Burks did not timely raise his objection under Missouri law to the trial court's juror replacement.  As a result, the state court's decision denying Burks relief on this ground is supported by an adequate and independent state ground, precluding this Court's review of that decision.  *See Osborne*, 495 U.S. at 123.  And Burks does not argue that he had cause for this default and suffered prejudice from it.  *See generally* doc. 5; *Arnold*, 675 F.3d at 1087. Therefore, this Court denies Burks relief on ground two.

**C.      Ineffective assistance of trial counsel for failure to subpoena witnesses**

Finally, Burks claims that "he was denied effective assistance of counsel . . . when trial counsel failed to subpeona [sic] and call . . . known alibi witnesses."  Doc. 5 at 10.  Just like Burks's ground two, the Court finds that Burks procedurally defaulted this claim as well.  Burks raised this claim in his initial state postconviction motion.  Doc. 11-7 at 18–23.  The motion court analyzed and denied Burks relief on this claim.  Doc. 11-9 at 8–9.  However, he did not raise this claim on his appeal of the motion court's decision.  *See generally* doc. 11-10.

Under Missouri law, "a claim must be presented at 'each step of the judicial process' in order to avoid default."  *Arnold*, 675 F.3d at 1087 (quoting *Jolly v. Gammon*, 28 F.3d 51, 53 (8th

Cir.1994)).  "Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review."  *Jolly*, 28 F.3d at 53 (quoting *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988)).

For ineffective-assistance-of-trial-counsel claims, the Supreme Court has created an exception for procedural default that occurs during an initial state court's collateral review "if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."  *Arnold*, 675 F.3d at 1087 (quoting *Martinez v. Ryan* 566 U.S. 1, 17 (2012). "*Martinez* offers no support, however, for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause."  *Id.*  So a petitioner cannot demonstrate cause for procedural default where he raises "ineffective[-]assistance claims" that "were litigated in his initial-review collateral proceeding, but not preserved on appeal."  *Id.*

Here, Burks raised this ineffective-assistance-of-trial-counsel claim in his initial state postconviction motion.  *See* doc. 11-7 at 18–23.  The motion court analyzed and denied Burks relief on this claim.  Doc. 11-9 at 8–9.  And Burks did not raise this claim on his appeal of the motion court's decision.  *See generally* doc. 11-10.  Burks does not argue that he has other grounds for cause and prejudice for his failure to appeal this claim.  *See generally* doc. 5; *Arnold*, 675 F.3d at 1087.  Accordingly, the Court denies Burks relief on ground three as well.

## IV.   Certificate of appealability

The Court finds that Burks has not made a substantial showing of the denial of a constitutional right, as is required before this Court can issue a certificate of appealability.  28 U.S.C. § 2253(c); *see also Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings").  Therefore,

the Court does not issue a certificate of appealability as to any claims raised in Burks's section 2254 petition.

**V.     Conclusion**

The Court denies Burks's [5] Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, and dismisses the petition with prejudice.  The Court does not issue a certificate of appealability.  A separate Order of Dismissal accompanies this Memorandum and Order.

So ordered this 8th day of June 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

11